UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RYAN BATEMAN, | Case No.: 2:20-cv-02049-APG-NJK |
|---|---|
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 28] |
| HAWKER ENERGY, INC., et al., | |
| Defendants | |

On April 22, 2021, I granted the defendants' motion to dismiss plaintiff Ryan Bateman's original complaint because he did not oppose that motion. ECF No. 22.  Bateman filed an amended complaint (ECF No. 23) but did not address the defects pointed out in the defendants' first motion.  The defendants now move to dismiss the amended complaint for most of the same reasons. ECF No. 28.

Bateman asserts a claim under Nevada's version of the Uniform Fraudulent Transfer Act (UFTA). ECF No. 23 at 2-3 (citing to the "NUFTA/UFTA statutes" and "NRS 112.180(1)a,b").  That statute protects creditors. *Herup v. First Bos. Fin., LLC*, 162 P.3d 870, 872 (Nev. 2007) ("The UFTA is designed to prevent a debtor from defrauding creditors by placing the subject property beyond the creditors' reach.").  But Bateman is a shareholder of defendant Hawker Energy, Inc., not a creditor. ECF No. 23 at 2 ("The Plaintiff is a shareholder of Hawker Energy Inc., a formerly publicly traded company.").  Thus, he does not have standing to bring a claim under the UFTA.

Bateman also seems to assert a claim under 11 U.S.C. § 548. *Id.* at 3 ("When transferring the assets from Hawker Energy Inc. for their own benefit the Defendants breached . . . 11 US Code §548 (IV) of the Bankruptcy code . . . .").  But the defendants have not filed bankruptcy

and this case is not a bankruptcy proceeding. Therefore, the bankruptcy code does not apply here. 11 U.S.C. § 103(a). And because Bateman is not a creditor or bankruptcy trustee, he does not have standing to bring a claim under that statute even if it applied. *Fairway Rest. Equip. Contracting, Inc. v Makino*, 148 F. Supp. 3d 1126, 1129 (D. Nev. 2015).

Finally, the defendants move to dismiss any claims that are asserted under 18 U.S.C. § 1341. ECF No. 28 at 8. Bateman responds that he is not asserting a claim under that statute. ECF No. 38 at 3. Thus, that portion of the motion is moot.

I previously allowed Bateman to file an amended complaint to cure the defects pointed out in the first motion to dismiss. ECF No. 22. But he has not cured those defects with his amended complaint. And he lacks standing to assert the claims he wishes to pursue. Therefore, further amendment would be futile, so I deny leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 28) is GRANTED.** The clerk of court is directed to enter judgment in favor of the defendants and close this case.

DATED this 17th day of September, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE