UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN BATEMAN, | Case No.: 2:20-cv-02049-APG-NJK |
| Plaintiff | **Order Granting Motion for Attorney Fees** |
| v. | [ECF No. 58] |
| HAWKER ENERGY, INC., et al., | |
| Defendants | |

On October 1, 2021, the defendants filed a motion to recover their attorney fees. ECF No. 58. Plaintiff Ryan Bateman did not file an opposition. Local Rule 7-2(d) states: "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." I will grant the motion for fees as unopposed and because it is supported by good cause.

I have discretion to award fees. In a diversity case like this, state law applies to "determining not only the right to fees, but also [to] the method of calculating the fees." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (citations omitted). Nevada law allows for recovery of attorneys' fees when a claim "was brought or maintained without reasonable ground . . . . The court shall liberally construe [this law] in favor of awarding attorney's fees in all appropriate situations." Nev. Rev. Stat. § 18.010(2)(b).

I dismissed Bateman's original complaint and allowed him to file an amended complaint curing the defects I pointed out. Bateman's amended complaint was nearly identical to the original but added new claims and a new defendant without curing the defects of the original. The defendants repeatedly pointed out to Bateman the legal and factual problems with his claims, to no avail. *See, e.g.*, ECF No. 58-1. I ultimately dismissed Bateman's amended

complaint. ECF No. 55.  Given the factual and procedural history of this case, the defendants are entitled to an award of their fees under Nevada Revised Statutes § 18.010(2)(b).

When determining a reasonable fee award, I "first calculate the lodestar by multiplying the number of hours reasonably expended . . . by [the] reasonable hourly rate." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (alteration in original; quotation omitted).  Based on my review of the billing records of the defendants' counsel, the lodestar amount is $18,499.50, calculated by multiplying the number of hours worked by the hourly rates charged by the defendants' lawyers. *See* ECF No. 58-1.  Based on my years as a lawyer practicing in this market and as a judge reviewing fee applications, the rates charged by the defendants' counsel are comparable to rates charged by similar lawyers in this district. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").  The time spent on the tasks was appropriate.

I evaluated that lodestar based on the factors set forth in *Brunzell*,[1] *Kerr*,[2] and Local Rule 54-14(b).  The defendants' lawyers are skilled professionals with significant experience.

---

[1] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969) (citation omitted).

[2] "The *Kerr* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Quesada v.*

Defending this case was not complex or novel. The tasks performed by the lawyers were appropriate. Overall, the *Brunzell* and *Kerr* factors confirm the lodestar I calculated. I award the defendants $18,499.50 in attorneys' fees.

I ORDER that the defendants' motion for attorney fees **(ECF No. 58) is GRANTED**. The defendants are awarded $18,499.50 in fees against plaintiff Ryan Bateman.

DATED this 29th day of October, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

*Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)).